Jeremy I. Lessem, Esq (SBN 213406)
Jamal L. Tooson, Esq (SBN 261373)
Lessem, Newstat & Tooson, LLP
3450 Cahuenga Blvd W. Ste. 102
Los Angeles, CA 90068
Phone 818-582-3087 | Fax 818-484-3087
Jeremy@LnLegal.com
JTooson@LnLegal.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI DEW, G.V., a minor, by and through his guardian ad litem, MARYANNE GOULD, W.V., a minor, B.V., a minor, L.V., a minor, T.C., a minor, by and through their guardian ad litem, MARILYN CORPUS, in each case both individually and as successors-in-interest to the ESTATE OF BRANDON VIRTUE, Deceased,<br><br>   Plaintiffs,<br><br>   vs.<br><br>CITY OF SEASIDE, CHIEF ABDUL PRIDGEN, MANUEL FERNANDEZ and DOES 1 THROUGH 100, INCLUSIVE,<br><br>   Defendants | Case No.: 4:19-CV-06009 HSG<br><br>**EX PARTE MOTION TO EXTEND TIME LIMIT FOR SERVICE PURSUANT TO FRCP 4(m); DECLARATION OF NICOLE RECIO** |

EX PARTE MOTION TO EXTEND TIME FOR SERVICE
PURSUANT TO FRCP 4(M)

TO THE HONORABLE COURT:

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs hereby move to extend the time to serve Defendant Officer Manual Fernandez for ninety additional days. Plaintiffs filed the operative complaint in this matter on September 24, 2019 (Docket #1). The matter was assigned to this above entitled court on December 11, 2019 (Docket #12). The summons was issued on December 13, 2019 (Docket #17).

Plaintiffs have good cause for the failure to serve Officer Fernandez. Specifically, on December 19, 2019, Plaintiffs attempted to serve Officer Fernandez at his employer Seaside Police Department with a summons and conformed copy of the complaint. (See Exhibit 1, ¶ 2.) However, unbeknownst to Plaintiffs, Officer Fernandez is no longer employed by the Seaside Police Department. (See Exhibit 1, ¶ 3.) Seaside Police Department declined to share Officer Fernandez's location or forwarding address. (See Exhibit 1, ¶ 3.)

**I.     GOOD CAUSE FOR AN EXTENSION EXISTS**

Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP") states that:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period... Fed. R. Civ. P. 4(m).

Even if good cause has not been established, the court has broad discretion to extend time under Rule 4(m). *Efaw v. Williams, 473 F.3d 1038, 1041* (9th Cir. 2003).

Here, Plaintiffs have good cause for the failure as Plaintiffs made diligent efforts to serve Officer Fernandez at the correct location for the Department, but were not aware that he was no longer employed. Even though the representative of Seaside Police Department declined to share a forwarding address, such information should be provided during Defendants' initial disclosures (FRCP 26(a)(1)(a)(i).) Alternatively, Plaintiffs will diligently seek such information through interrogatories, independent investigation, and informal discovery. However, in light of Officer Fernandez's very common name and protocols to protect a peace officer's home address, it is anticipated diligent independent investigation will yield little fruit. Plaintiffs are therefore dependent on Defendant Seaside's initial disclosures and answers to interrogatories to discover Defendant Fernandez's address such that he may be served with the summons and complaint.

///

///

///

///

///

EX PARTE MOTION TO EXTEND TIME FOR SERVICE
PURSUANT TO FRCP 4(M)

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this court grant their motion to extend the time to serve Officer Fernandez.

**LESSEM, NEWSTAT, & TOOSON, LLP.**

DATED: December 20, 2019          By:

      /S/ *Jeremy Lessem*
      Jeremy I. Lessem
      Attorney for Plaintiffs