UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI DEW, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF SEASIDE, et al.,<br><br>        Defendants. | Case No. 19-cv-06009-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 28 |

    Pending before the Court is an administrative motion, in which Plaintiffs, Lori Dew, and minors G.V., W.V., B.V., and L.V., ask the Court to (1) appoint guardian ad litem for Plaintiffs G.V., W.V., B.V., and L.V.; and (2) seal the petitions for guardians ad litem, the verifications and consent of Guardians, Maryann Gould and Marilyn Corpus, and the declaration of Jeremy I. Lessem, which were attached in support of the motion. *See* Dkt. No. 28. The Court granted the motion on March 10, 2020, appointing Maryann Gould as guardian ad litem for Plaintiff G.V., a minor and appointing Marilyn Corpus as guardian ad litem for Plaintiff W.V., B.V., and L.V., all minors. *See* Dkt. No. 37. For the reasons detailed below, the Court further **GRANTS** the motion to seal.

I.    **LEGAL STANDARD**

    Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a

dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are . . . entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the same strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. ANALYSIS

Because Plaintiffs' motion to appoint a guardian ad litem is a nondispositive motion, the Court applies the lower "good cause" standard to Plaintiffs' request to file certain exhibits attached to the motion under seal. After reviewing the materials, the Court finds good cause to seal these documents. The documents include the full names of minors involved in this case, which are specifically entitled to privacy protection by Federal Rule of Civil Procedure 5.2(a)(3). Additionally, these documents are only relevant to the motions for appointment of a guardian ad litem, and are not relevant to the merits of the case. The Court **GRANTS** Plaintiffs' motion to seal these documents.

**IT IS SO ORDERED.**

Dated: 4/15/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge