1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORI DEW, et al.,

             Plaintiffs,

     v.

CITY OF SEASIDE, et al.,

             Defendants.

Case No.  19-cv-06009-HSG

**ORDER DIRECTING THE PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING**

On March 4, 2021, the Court held a hearing on Defendants' Motion for Summary Judgment.  *See* Dkt. No. 49.  Defendants argue that Defendant Manuel Fernandez is entitled to qualified immunity.  *See generally id.*

A court considering a claim of qualified immunity makes a two-pronged inquiry: (1) whether the plaintiff has alleged the deprivation of a constitutional right, and (2) whether such right was clearly established at the time of the deprivation.  *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 535 U.S. 194, 201 (2001)).  While the second prong does not "require a case directly on point, [ ] existing precedent must have placed the statutory or constitutional question beyond debate."  *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).  The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality."  *Id.* at 731.  And the Supreme Court has further instructed that, where "the result depends very much on the facts of each case . . . officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue."  *Nicholson v. City of Los Angeles*, 935 F.3d 685, 695 (9th Cir. 2019) (citing *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018)); s*ee also City of Escondido v. Emmons*, 139 S. Ct. 500, 504 (2019) ("[W]e have stressed the need to identify a case where an officer acting under similar circumstances was held to have

1   violated the Fourth Amendment. . . .  While there does not have to be a case directly on point,

2   existing precedent must place the lawfulness of the particular [action] beyond debate.")

3   (quotations omitted and brackets in original).  In identifying the "specific facts at issue" at the

4   summary judgment stage, the Court must accept Plaintiffs' version of the facts.  *See Tolan v.*

5   *Cotton*, 572 U.S. 650, 656–57 (2014) (holding that "under either prong [of the qualified immunity

6   analysis], courts may not resolve genuine disputes of fact in favor of the party seeking summary

7   judgment" and "must view the evidence 'in the light most favorable to the opposing party' ")

8   (citations omitted).

9         Plaintiffs are directed to submit supplemental briefing that does the following:

10      (1) Details Plaintiffs' version of the facts regarding what Mr. Virtue and Defendant

11          Fernandez were doing between the time Mr. Virtue left the Pathfinder and the time of

12          the shooting, including Mr. Virtue's orientation and positioning when he was shot;

13      (2) Identifies, with record cites, the evidence that supports Plaintiffs' version of the facts;

14          and;

15      (3) Identifies, with respect to Plaintiffs' substantive due process claim under Section 1983,

16          and any claim that relies in whole or in part on a showing of excessive force under

17          Section 1983 (i.e., causes of action 1 and 5–6), the specific case law that Plaintiffs

18          contend "squarely governs the specific facts at issue" and places the unlawfulness of

19          the actions taken by Defendant Fernandez (accepting Plaintiffs' version of the facts)

20          beyond debate, to include a detailed comparison of the facts in the cited case(s) to the

21          relevant facts here.

22      Plaintiffs shall file their supplemental brief of no more than 15 pages by March 12, 2021.

23  Defendants then may file a response of up to 15 pages by March 19, 2021.  In addressing whether

24  clearly established law put the unlawfulness of Defendant Fernandez's conduct beyond debate,

25  Defendants must adhere to the *Tolan* standard discussed above (specifically, Defendants must not

26  make arguments that would require the Court to resolve genuine disputes of material fact in their

27  favor, and must base their arguments on a view of the evidence assessed in the light most

28  favorable to Plaintiffs).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

       If the parties believe more time is necessary to submit these filings, they should meet and confer and jointly propose a different briefing schedule.  The motion will be deemed submitted once Defendants' filing is made, and no further filings will be permitted unless otherwise ordered.

       **IT IS SO ORDERED.**

Dated:  3/5/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge