UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI DEW, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF SEASIDE, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-06009-HSG<br><br>**ORDER DENYING PLAINTIFFS' AND DEFENDANTS' ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 50, 53 |

Pending before the Court are the parties' motions to file under seal portions of their summary judgment briefs and associated exhibits. Dkt. Nos. 50, 53. For the reasons detailed below, the Court **DENIES** the motions to file under seal.

**I.   LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1    vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2    scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
3    *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records
4    may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5    without more, compel the court to seal its records." *Id.*

6        The Court must "balance[] the competing interests of the public and the party who seeks to
7    keep certain judicial records secret.  After considering these interests, if the court decides to seal
8    certain judicial records, it must base its decision on a compelling reason and articulate the factual
9    basis for its ruling, without relying on hypothesis or conjecture." *Id.*  Civil Local Rule 79-5
10   supplements the compelling reasons standard set forth in *Kamakana*:  the party seeking to file a
11   document or portions of it under seal must "establish[] that the document, or portions thereof, are
12   privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The
13   request must be narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).

14       Records attached to nondispositive motions must meet the lower "good cause" standard of
15   Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
16   tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80
17   (quotations omitted).  This requires a "particularized showing" that "specific prejudice or harm
18   will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
19   307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of
20   harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman*
21   *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

22   **II.    DISCUSSION**

23       Because the motion for summary judgment is more than tangentially related to the
24   underlying action, the Court applies the "compelling reasons" standard in evaluating the motions
25   to seal.  Plaintiffs seek to file under seal two exhibits attached to their opposition to the motion for
26   summary judgment, Exhibits H and N to the Declaration of Jeremy I. Lessem, and the portions of
27   Plaintiffs' opposition brief that reference the provisionally sealed exhibits.  Exhibit H includes
28   excerpts from the deposition transcript of Deputy Chief Nick Borges, and Exhibit N includes

personnel file documents for Defendant Fernandez. Dkt. No. 50. Defendants seek to seal Exhibit I to the Declaration of Shawn M. Ridley, which includes additional excerpts from the deposition transcript of Deputy Chief Nick Borges. Dkt. No. 53. The only proffered justification for sealing is that the information was designated as "Confidential" by Defendants. *See* Dkt. No. 50 at 2; Dkt. No. 53 at 2. But a designation of confidentiality is not sufficient to establish that a document is sealable. *See* Civ. L. R. 79-5(d)(1)(A). "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)). Thus, Plaintiffs' motion does not comply with Civil Local Rule 79-5(d)(1)(A). In addition, as the designating party for the materials, Defendants did not comply with Civil Local Rule 79-5(e)(1), because they did not file a declaration within four days of Plaintiffs' motion. *See* Civ. L.R. 79-5(e)(1).

Further, upon reviewing the portions of Plaintiffs' opposition brief that reference the provisionally sealed exhibits, the Court finds that there is not a compelling reason to seal certain portions that describe high-level and generic details regarding Exhibit N, the personnel file documents for Defendant Fernandez. Plaintiffs' references to these generic details are relevant to Plaintiffs' ratification theory of municipal liability. *See* Dkt. No. 51 at 29–30. And these references do not disclose a higher level of detail than what is generally described in Defendants' briefs. *See* Dkt. No. 52 ("Plaintiffs offer no evidence of any disciplinary action or even negative performance reviews pertaining to Officer Fernandez's performance or tactical decision-making in the field . . . ."). Accordingly, the Court finds that sealing is not warranted for page 29, lines 7-9, or page 30, lines 10-14 of Plaintiffs' opposition brief.[1] A request to seal those specific portions of

---

[1] The Court notes that the line numbers in Plaintiffs' opposition brief are not aligned with the text. *See* Dkt. No. 51. To avoid confusion, the references to line numbers in this order are made by counting the number of each line, without reference to the line numbers listed in Plaintiffs' opposition brief.

3

Plaintiffs' opposition brief will not be considered in any renewed motion to seal.

**III. CONCLUSION**

The Court **DENIES** the parties' administrative motion to seal. The Court **DIRECTS** the parties to file public versions of all documents within seven days of this order. Defendants may also file a new motion to seal the requested exhibits and the remaining portions of Plaintiffs' opposition brief (on page 13 and page 29, lines 10-19) that reference the exhibits within seven days of this order. Any proposed order must include in the table for each item sought to be sealed: (1) the docket numbers of the public and provisionally sealed versions of documents sought to be filed under seal; (2) the name of the document; (3) the specific portion(s) of the document sought to be filed under seal; and (4) the filer's reasons for seeking sealing of the material, along with citations to the relevant declarations and any supporting legal authority. The reasons provided must be specific and tailored to the portion(s) of the document sought to be sealed.

**IT IS SO ORDERED.**

Dated: 5/4/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

4